### In re H. B. HOLLINS & CO.

### Ex parte HILLQUIT.

(District Court, S. D. New York. February 23, 1916.)

BANKRUPTCY ⬅385—FUNDS—DISTRIBUTION.

　　In bankruptcy, where some of the creditors were entitled to share in a special fund, and an order approving a confirmation reserved their claims for future liquidation, such liquidation must be had before the consideration for the composition will be distributed; the court, under Bankr. Act July 1, 1898, c. 541, § 12e, 30 Stat. 549 (Comp. St. 1913, § 9596), has the right to distribute the consideration and dismiss the case, for unless their claims were liquidated prior to distribution they might receive a larger proportion than other creditors.

　　[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 595, 596; Dec. Dig. ⬅385.]

In Bankruptcy. In the matter of the bankruptcy of H. B. Hollins & Co. Ex parte application by Morris Hillquit for distribution of a fund. Claims of persons entitled ordered liquidated before distribution, with order to receiver to file petition to review.

See, also, 212 Fed. 317; 225 Fed. 618.

Lexow, Mackellar & Wells, of New York City, for bankrupts.
Hillquit & Levene, of New York City, for applicant.

LEARNED HAND, District Judge.  It seems to me that this case is distinguishable from In re Hollins & Co., Ex parte Hollins & Co., 230 Fed. 917 (the Chase National Bank fund), because several of the claimants here are also creditors whose claims as such were reserved in the order of confirmation for future liquidation.  This court, under section 12e, has power to distribute the consideration, and it cannot do this without liquidating the claims.  It cannot liquidate the claims until the fund is effectually distributed, since the fund measures the amount left over of the customers' securities, and it is for the value of those securities that they claim to be creditors.  If the court had no custody of the fund, this would be a difficulty, perhaps insuperable; but it has, and, having the fund, it has a duty towards its distribution.

Suppose, as an example, the offer of composition had been notes of only 50 per cent. of the face of the claims.  In that case it is clear that the claims could not be finally liquidated till the fund had been distributed.  Otherwise, those creditors who also had claims on the fund would get a larger proportion of their claims than any other creditors.  Although the alleged bankrupts have offered to pay in full, and although in consequence it makes no practical difference, therefore, whether the fund is distributed after or before the claim is liquidated, still the case I have put serves to illustrate the importance theoretically of the distribution of the fund in the liquidation of the claims, and how a bankruptcy court must at least wait until all securities have been applied before finally liquidating.  If either the creditor himself have the securities, or the court hold them in its custody, it may proceed itself to apply them on the claims.  If the securities were beyond the reach of the court, it would have to wait.

Having such jurisdiction, the court can exercise it only by a complete distribution of the whole fund.  An order will therefore pass directing the special master to proceed with the matter.  However, it is most important that this question should be settled in advance; otherwise, much time and labor will be lost.  If this order is reviewable, it should be reviewed before the merits come for consideration.  Therefore I direct the receiver to file a petition to review the order, if such a petition is possible, and if no one else will, and the proceeding will await the determination of the Circuit Court of Appeals before it goes forward.  Everybody must wish to avoid the unfortunate result in the case of the Chase National Bank fund.